IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO. 3:07CV44
(3:01CR212)

| | |
|---|---|
| MICHAEL C. GOODSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| Vs. | ) **ORDER OF DISMISSAL** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255. Because the Court determines this is a successive petition and it has no jurisdiction to consider same, it is dismissed.

This case's procedural history is detailed in the Court's Memorandum and Opinion adjudicating the Petitioner's § 2255 filed in July 2003 and will not be further recited here. ***See, Goodson v. United States*, Civil No. 3:03CV369, Memorandum and Order, filed September 29, 2003, at 2.** The Petitioner alleges in this motion that the Court imposed his sentence

using an incorrect application of the Sentencing Guidelines.  **See Petition, at 5.**

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
>     (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>     (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
> . . .
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications.  As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
> . . .
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

**United States v. Winestock**, **340 F.3d 200, 204-05 (4th Cir. 2003).**  "The ultimate question here is whether [Petitioner's] motion for [relief] should [be] treated as a successive collateral review application." **Id., at 203.**

As previously noted, the Petitioner has already filed one motion pursuant to § 2255.[1] The undersigned has no jurisdiction to entertain a second one unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is a successive petition, it must be presented in the first instance to the Fourth Circuit Court of Appeals. ***Winestock, supra,* at 205.** As a result, the undersigned has no jurisdiction to entertain any of the claims presented.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion is a successive motion pursuant to 28 U.S.C. § 2255 and is hereby **DISMISSED** for lack of jurisdiction.

Signed: February 13, 2007

Lacy H. Thornburg
United States District Judge

---

[1] The Court is not considering Petitioner's § 2255 motion dismissed without prejudice in May 2003.